IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEAN MINER,

    Plaintiff,

v.                                         Civil Action No. 5:08CV127
                                                    (STAMP)
VINCE BERLAND,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO COUNT ONE OF THE COMPLAINT**[1]

I. Procedural History

The plaintiff, Dean Miner, filed this diversity action against the defendant, Vince Berland, in this Court on August 8, 2008. Mr. Berland filed an answer in he which asserted counterclaims against Mr. Miner. Thereafter, Mr. Miner filed a motion for partial summary judgment as to Count One of the complaint. Mr. Berland filed a response, to which Mr. Miner replied. This motion now been fully briefed by the parties and is ripe for disposition. Following review of the parties' pleadings and the relevant law, this Court finds, for the reasons stated below, that Mr. Miner's motion for partial summary judgment must be denied.

---

[1]This memorandum opinion and order confirms and sets forth in more detail the pronounced order that this Court made on July 27, 2009 at the pretrial conference.

II. <u>Facts</u>

This case involves a dispute between the parties relating to two contracts. In his complaint, Mr. Miner asserts claims arising from a written partnership agreement to operate a greyhound-racing kennel in West Virginia. Mr. Miner argues that Mr. Berland did not comply with the provisions of the partnership agreement requiring him to pay 5% of the weekly gross receipts generated by the kennel and to deliver to Mr. Miner a greyhound pup of Mr. Miner's choosing. Count One of Mr. Miner's claim states a claims for breach of contract. Count Two states a claim for breach of fiduciary duty.

In his answer to the complaint, Mr. Berland asserts counterclaims arising from an alleged oral contract relating to the operation of the greyhound-racing kennel. Mr. Berland states that Mr. Miner did not comply with the terms of the oral contract requiring Mr. Miner to supply the kennel with new greyhounds from outside sources, to supply West Virginia breed greyhounds for the kennel, and to divide equally with Mr. Berland all winnings from dogs owned by Mr. Miner that were whelped through any of Mr. Berland's dogs. Additionally, Mr. Berland claims that Mr. Miner defaulted on a check paid to Mr. Berland relating to their oral agreement. Mr. Berland asserts three counts in his counterclaim: breach of contract, breach of fiduciary duty, and default on a check.

In his motion for partial summary judgment, Mr. Miner contends he is entitled to summary judgment on Count One because Mr. Berland admits in his answer the existence of the partnership agreement and the term of that agreement providing that Mr. Miner is to receive 5% of the gross kennel check per week and one National Greyhound Association ("NGA") transfer slip per year. According to Mr. Miner, that admission, combined with his own affidavit that Mr. Berland owes him $52,837.00 and two NGA transfer slips, suffices to establish that no genuine issue of material fact exists and that he is entitled to prevail on Count One as matter of law.

In response, Mr. Berland contends that Mr. Miner was obligated under the terms of the partnership agreement to pay Mr. Berland 50% of the commissions made on Wheeling Island races and West Virginia Breeder's races, less the 5% due to Mr. Miner for the kennel agreement, and that Mr. Miner complied with that provision until on or about June 13, 2008, when he ceased paying over the sums due to Mr. Berland. Essentially, Mr. Berland argues that he did not breach the written contract, which is the subject of Count One, and that there is an issue concerning damages. According to Mr. Berland, Mr. Miner owes him $270,000.00. Mr. Berland argues that this evidence is sufficient to survive Mr. Miner's motion for partial summary judgment.

## III. Legal Standard

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may

4

reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party' s case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

In this action, although the parties do not dispute the existence of the partnership agreement or its terms, the claims for breach of that contract and for breach by the plaintiff of the oral

agreement and the damages sought by Mr. Berland in his counterclaim present genuine issues of material fact relating to Count One, thereby precluding summary judgment. Specifically, this Court finds that genuine issues of material fact exist concerning whether Mr. Berland breached the written partnership agreement. Therefore, Mr. Miner's motion for partial summary judgment will be denied.

## V. Conclusion

For the foregoing reasons, the plaintiff's motion for partial summary judgment as to Count One of the complaint is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 11, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE