IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEAN MINER,

    Plaintiff,

v.                                              Civil Action No. 5:08CV127
                                                                (STAMP)

VINCE BERLAND

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**REGARDING COMPUTATION OF PRE-JUDGMENT INTEREST**

I.    Background

A jury verdict was filed in the above-styled civil action on August 18, 2009, after a three-day jury trial. This Court entered judgment in accordance with the jury verdict, but deferred entering judgment on the issue of pre-judgment interest so as to benefit from the parties' recommendations concerning the proper computation of pre-judgment interest. On August, 26, 2009, this Court directed the parties to meet and confer to attempt to reach agreement on the proper computation of pre-judgment interest in this matter. On September 8, 2009, the parties filed a report with this Court setting forth their recommendations regarding how pre-judgment interest should be calculated.

II.    Discussion

In their report to this Court, the parties failed to reach an agreement on how to calculate the amount of pre-judgment interest. The parties, however, did agree on the interest rate for both 2008 and 2009. The West Virginia Code provides the interest rate for

pre-judgment interest.  W. Va. Code Ann. § 56-6-31 (West 2009).  The rate is equal to "three percentage points above the Fifth Federal Reserve District secondary discount rate in effect on the second day of January of the year in which the judgment or decree is entered: <u>Provided</u>, That the rate of pre-judgment and post-judgment interest shall not exceed eleven percent per annum or be less than seven percent per annum."  <u>Id.</u>  Using this formula, the parties calculated the interest rate for 2008 at 8.25 percent and the interest rate for 2009 at 7 percent.

The parties did not reach a consensus on the method of calculating the amount of pre-judgment interest.  The plaintiff recommends that this Court multiply the amount of principal owed in 2008 by the interest rate of 8.25 percent in one lump sum.  Then the plaintiff suggests that this Court do the same for 2009 and then add the 2008 and the 2009 figure.  The defendant, however, proposes a more complex formula.  He recommends that this Court multiply the amount due each week by the applicable annual rate of interest and then divide that number by 365 days.  Next, that number is multiplied by the number of days from the date due to the judgment date.  This yields a total amount due to the plaintiff of $2,974.57.[1]

---

[1]

| Payment Made | 5% due | Interest | Days to Judgment | Total |
|---|---|---|---|---|
| 5/25/2008 | $718 | 0.0825 | 458 | $74.33 |
| 6/1/2008 | 557 | 0.0825 | 451 | $56.78 |
| 6/8/2008 | 582 | 0.0825 | 444 | $58.41 |
| 6/15/2008 | 475 | 0.0825 | 437 | $46.92 |

In this case, the losses did not occur solely on one day. Instead, the losses accrued week by week. "The formal rule for

| | | | | |
|---|---|---|---|---|
| 6/22/2008 | 826 | 0.0825 | 430 | $80.28 |
| 6/29/2008 | 930 | 0.0825 | 423 | $88.92 |
| 7/6/2008 | 797 | 0.0825 | 416 | $74.94 |
| 7/13/2008 | 996 | 0.0825 | 409 | $92.08 |
| 7/20/2008 | 1080 | 0.0825 | 402 | $98.13 |
| 7/27/2008 | 737 | 0.0825 | 395 | $65.80 |
| 8/3/2008 | 783 | 0.0825 | 388 | $68.67 |
| 8/10/2008 | 1116 | 0.0825 | 381 | $96.11 |
| 8/17/2008 | 652 | 0.0825 | 374 | $55.12 |
| 8/24/2008 | 804 | 0.0825 | 367 | $66.69 |
| 8/31/2008 | 804 | 0.0825 | 360 | $65.42 |
| 9/7/2008 | 908 | 0.0825 | 353 | $72.45 |
| 9/14/2008 | 1021 | 0.0825 | 346 | $79.85 |
| 9/21/2008 | 1162 | 0.0825 | 339 | $89.04 |
| 9/28/2008 | 1194 | 0.0825 | 332 | $89.60 |
| 10/5/2008 | 1894 | 0.0825 | 325 | $139.13 |
| 10/12/2008 | 1860 | 0.0825 | 318 | $133.69 |
| 10/19/2008 | 1446 | 0.0825 | 311 | $101.65 |
| 10/26/2008 | 2056 | 0.0825 | 304 | $141.27 |
| 11/2/2008 | 1424 | 0.0825 | 297 | $95.59 |
| 11/9/2008 | 1100 | 0.0825 | 290 | $72.10 |
| 11/16/2008 | 1600 | 0.0825 | 283 | $102.35 |
| 11/23/2008 | 1218 | 0.0825 | 276 | $75.98 |
| 11/30/2008 | 1058 | 0.0825 | 269 | $64.33 |
| 12/7/2008 | 1236 | 0.0825 | 262 | $73.19 |
| 12/14/2008 | 901 | 0.0825 | 255 | $51.93 |
| 12/21/2008 | 968 | 0.0825 | 248 | $54.26 |
| 12/28/2008 | 639 | 0.0825 | 241 | $34.81 |
| 1/4/2009 | 1095 | 0.07 | 234 | $49.14 |
| 1/11/2009 | 2002 | 0.07 | 227 | $87.16 |
| 1/18/2009 | 1279 | 0.07 | 220 | $53.96 |
| 1/25/2009 | 736 | 0.07 | 213 | $30.07 |
| 2/1/2009 | 1029 | 0.07 | 206 | $40.65 |
| 2/8/2009 | 807 | 0.07 | 199 | $30.80 |
| 2/15/2009 | 1761 | 0.07 | 192 | $64.84 |
| 2/22/2009 | 1639 | 0.07 | 185 | $58.15 |
| | **$43,890** | | | **$2,974.57** |

accrual of interest would require the court or trier to calculate a different set of interest for each week's or month's wage loss." 1 Dan B. Dobbs, Law of Remedies § 3.6(4) (2d ed. 1993). The defendant's method of calculating pre-judgment interest provides a more accurate result of making the plaintiff whole. Accordingly, this court will calculate the pre-judgment interest using the defendant's formula.

## III. Conclusion

For the above stated reasons, this Court awards pre-judgment interest to the plaintiff in the amount of $2,974.57.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter an amended judgment on this matter to reflect the above award of pre-judgment interest.

DATED: September 17, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE