IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEAN MINER,

    Plaintiff,

v.                                       Civil Action No. 5:08CV127
                                                   (STAMP)

VINCE BERLAND,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S RENEWED MOTION
FOR JUDGMENT AS A MATTER OF LAW AS TO COUNT TWO;
DENYING DEFENDANT'S ALTERNATIVE MOTION TO
SET ASIDE VERDICT FOR EXCESSIVENESS AND TO
AWARD A NEW TRIAL AS TO COUNT TWO;
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
ALTERNATIVE MOTION TO SET ASIDE THE VERDICT AND AWARD
DEFENDANT A NEW TRIAL ON THE BASIS THAT THE JURY'S AWARD
OF THREE NGA SLIPS CONSTITUTES AN ILLEGAL VERDICT
IN THE ABSENCE OF ANY PRAYER FOR SPECIFIC PERFORMANCE;
DENYING AS MOOT DEFENDANT'S ALTERNATIVE MOTION
FOR THIS COURT TO DIRECT AS A MATTER OF LAW
THAT THE NGA SLIPS TO BE AWARDED SHOULD BE
OF THE NATURE SPECIFIED IN THE WRITTEN CONTRACT;
DENYING DEFENDANT'S ALTERNATIVE MOTION
FOR A NEW TRIAL ON DEFENDANT'S COUNTERCLAIMS;
DENYING AS MOOT PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE LATE FILED EXHIBIT;
AND SCHEDULING A STATUS AND SCHEDULING CONFERENCE**

I.   Background

The above-styled civil action arises out of a allegations of breach of contract and breach of partnership fiduciary duty between the plaintiff, Dean Miner, and the defendant, Vince Berland, involving a partnership to operate a greyhound racing kennel. Following a jury trial, the jury returned a verdict for the plaintiff on Count One, breach of contract, in the amount of

$63,000.00 and two National Greyhound Association transfer slips ("NGA slips")[1] and for the plaintiff on Count Two, breach of fiduciary duty, in the amount of $244,443.00 and one NGA transfer slip.  This Court then entered an amended judgment in favor of the plaintiff as to these verdicts and, as well, to include pre-judgment interest of $2,974.57.

Thereafter, the defendant filed a renewed motion for judgment as a matter of law as to Count Two pursuant to Federal Rule of Civil Procedure ("Rule") 50(b), an alternative motion to set aside the verdict returned as to Count Two for excessiveness and to award a new trial pursuant to Rule 59, an alternative motion to set aside the verdict and to award a new trial on the basis that the jury's award of three NGA slips constitutes an illegal verdict in the absence of any prayer for specific performance, an alternative motion for this Court to direct as a matter of law that the NGA slips to be awarded should be of the nature specified in the written contract, and an alternative motion to set aside the verdict and award a new trial on the basis that the verdict as to the defendant's counterclaim was contrary to the evidence.  The plaintiff filed a response in opposition to the defendant's

---

[1] An NGA slip is the National Greyhound Association's official application for transfer of ownership.  The form transfers record ownership of a specific greyhound to a new owner.  The record owner signs and dates the form.  These slips can be obtained from the National Greyhound Association's website.  National Greyhounds – NGA Members – Forms, http://www.ngagreyhounds.com/forms.asp (last visited Mar. 31, 2010).

motions, but agreeing to the alternative motion for this Court to direct as a matter of law that the NGA slips to be awarded should be of the nature specified in the written contract. The defendant did not file a reply. For the reasons stated below, the defendant's renewed motion for judgment pursuant to Rule 50(b) is denied; his alternative motion to set aside the verdict in Count Two as excessive and for a new trial pursuant to Rule 59 is denied; his alternative motion to set aside the verdict and award defendant a new trial on the basis that the jury's award of three NGA slips constitutes an illegal verdict in the absence of any prayer for specific performance is granted in part and denied in part; his alternative motion for this Court to direct as a matter of law that the NGA slips to be awarded should be of the nature specified in the written contract is denied as moot; and his alternative motion to set aside the verdict and award defendant a new trial on the basis that the verdict as to his counterclaims was contrary to the evidence is denied. Finally, the plaintiff's motion in limine to preclude late filed exhibit is denied as moot.

## II. Applicable Law

1. Renewed Motion for Judgment as a Matter of Law

Federal Rule of Civil Procedure 50(b) provides:

> [i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), . . . . the movant may file a renewed motion for judgment as a matter of law . . . . In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned

3

>     a verdict; (2) order a new trial; or (3) direct the entry
>     of judgment as a matter of law.

Fed. R. Civ. P. 50(b). Generally, a judgment as a matter of law is appropriate "when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." <u>United States ex rel. DRC, Inc. v. Custer Battles, LLC</u>, 562 F.3d 295, 305 (4th Cir. 2009)(citations omitted). The movant is entitled to judgment pursuant to Rule 50(b) "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." <u>Wheatley v. Wicomico County, Md.</u>, 390 F.3d 328, 332 (4th Cir. 2006) (citing <u>Singer v. Dungan</u>, 45 F.3d 823, 826-27 (4th Cir. 1995)). This Court reviews "the evidence in the light most favorable to the nonmoving party" in making this determination. <u>Myrick v. Prime Ins. Syndicate, Inc.</u>, 395 F.3d 485, 490 (4th Cir. 2005).

2.  <u>Motion to Set Aside Verdict and for New Trial</u>

Pursuant to Federal Rule of Civil Procedure 59(a), a court may grant a motion to alter a jury verdict to accommodate an intervening change in controlling law, to account for new evidence not available at trial, to correct a clear error of law or to prevent manifest injustice. <u>Robinson v. Wix Filtration Corp., LLC</u>, --- F.3d ----, 2010 WL 1140699, *2 (4th Cir. Mar. 26, 2010). Rule 59 also allows a court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). The West Virginia

standard governing the review of a new trial is essentially the same. Neely v. Belk Inc., 668 S.E.2d 189, 195 (W. Va. 2008). The two standards differ, however, when relief is sought based on the excessiveness of the verdict. Stafford EMS, Inc. v. J.B. Hunt Transport, Inc., 2009 WL 483967, *2 (S.D. W. Va. Feb. 26, 2009) (unpublished). A federal court sitting in diversity applies state law for reviewing the size of a verdict. Gasperini v. Center for Humanities, 518 U.S. 415, 437 (1996). In West Virginia, a court must not set aside a jury verdict as excessive "unless [it is] monstrous, enormous, at first blush beyond all measure, unreasonable, outrageous, and manifestly show[s] jury passion partiality, prejudice or corruption. Syl. Addair v. Majestic Petroleum Co., Inc., 232 S.E.2d 821 (W. Va. 1977).

### III. Discussion

A. Renewed Motion for Judgment as a Matter of Law

The defendant argues that the plaintiff failed to prove his case that the defendant breached his fiduciary duties owed to the plaintiff under the partnership agreement by failing to pay over money owed to the plaintiff. The defendant asks this Court to reevaluate its position concerning the applicability of the proof-of-fraud standard Justice Workman identified in her concurrence in State ex. rel. Affiliated Construction Trades Foundation v. Vieweg, 520 S.E.2d 854, 868-69 (W. Va. 1999) (Workman, J., concurring). When this motion was made during the trial, this Court rejected

this argument as inapplicable, distinguishing the facts of the present civil action from the statutory fiduciary duty of a public employee involving a workers compensation fund, which was at issue in Vieweg.

The defendant contends that the West Virginia Supreme Court has not defined the exact parameters of what constitutes a breach of fiduciary duty. This Court disagrees. In West Virginia, a fiduciary duty is "a duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person. It is the highest standard of duty implied by law[.]" Lucas v. Fairbanks Capital Corp., 618 S.E.2d 488, 494 (W. Va. 2005) (quoting Elmore v. State Farm Mut. Auto Ins. Co., 504 S.E.2d 893, 898 (W. Va. 1988)). "A violation of the fiduciary relationship may result from oppressive conduct, which is conduct that departs from the standards of good faith and fair dealing which are inherent in the concept of a fiduciary relationship." Syl. pt. 5, State ex rel. Smith v. Evans, 547 S.E.2d 278 (W. Va. 2001) (quoting Syl. pt. 3, Masinter v. WEBCO Co., 262 S.E.2d 433 (1980)). This Court finds it significant that in defining a fiduciary duty, the West Virginia Supreme Court of Appeals did not adopt the language of Justice Workman's concurrence from Vieweg in either Lucas, decided six years after Vieweg, or Smith, decided two years after Vieweg. Further, while this Court does not believe Justice Workman's concurrence adopted the Fifth Circuit standard into West Virginia

jurisprudence, this Court believes that the defendant has misconstrued the meaning of Justice Workman's statement. The Fifth Circuit case cited, Gerdes v. Estate of Cush, 953 F.2d 201, 205 (5th Cir. 1992), does not state that a breach of fiduciary duty requires proof of fraud. It states that "[a] cause of action for breach of fiduciary duty requires proof of fraud, breach of trust, or an action outside the limits of the fiduciary's authority." Vieweg, 520 S.E.2d at 868-69 (emphasis added). The defendant makes the argument that a defendant's conduct must be proven to be deceitful or fraudulent. The defendant's requested definition of a fiduciary duty finds no support in West Virginia case law. The defendant misses the point that a jury could reasonably conclude that his conduct was in bad faith or that he did not deal fairly with the plaintiff, both of "which are inherent in the concept of a fiduciary relationship." Smith, 547 S.E.2d at syl. pt. 5.

After reviewing the renewed motion, this Court finds that the defendant's argument based on the language of Justice Workman's concurrence fails to demonstrate there can be but one reasonable conclusion, and therefore, this argument does not support the Rule 50(b) motion. Accordingly, this Court finds that the defendant's Rule 50(b) renewed motion should be denied.

B.   <u>Alternative Motion to Set Aside Verdict in Count Two and to Award a New Trial</u>

This Court applies West Virginia law standards to determine whether a verdict is excessive. <u>Gasperini</u>, 518 U.S. at 437. As discussed above, this Court must not set aside the jury's verdict as excessive "unless [it is] monstrous, enormous, at first blush beyond all measure, unreasonable, outrageous, and manifestly show[s] jury passion partiality, prejudice or corruption. <u>Addair</u>, 232 S.E.2d at syl. "[I]n the absence of any specific rules for measuring damages, the amount to be awarded rests largely in the discretion of the jury, and courts are reluctant to interfere with such a verdict . . . . This judicial hesitance stems from the strong presumption of correctness assigned to a jury verdict assessing damages." <u>Kessel v. Leavitt</u>, 511 S.E.2d 720, 810 (W. Va. 1998) (internal citations omitted).

The defendant provides this Court with only conclusory statements to support his argument for this Court to set aside the jury's verdict for Count Two. He states that the jury's monetary award in Count Two is nearly four times that the sum of the jury's monetary award in Count One. The defendant also provides the details of a mediation between the plaintiff and the defendant. The fact that the plaintiff offered less to satisfy his claim before trial does not mean that this Court must remit the jury award to that amount. As the plaintiff points out in his response,

"the greyhound business is a very profitable one, so much so, the defendant counterclaimed that he was owed $366,600 from plaintiff." Further, there is evidence that the average gross receipts per year between the parties totaled $1 million, the average AA greyhound earned between $30,000.00 and $60,000.00 per year, and the kennel earned a total of $6,244,379.21 from 2004 to 2009. No evidence leads this Court to the conclusion that the jury was "misled by a mistaken view of the case." Syl. pt. 2, Keiffer v. Queen, 189 S.E.2d 842. Further, the defendant has provided no evidence to show that jury passion affected the jury's decision. This Court cannot conclude from the facts in the record that the verdict is "monstrous, enormous, at first blush beyond all measure, unreasonable, outrageous, and manifestly show[s] jury passion partiality, prejudice or corruption." Addair, 189 S.E.2d at Syl. Therefore, this Court will not substitute its own view for that of the jury and the defendant's alternative motion for remittitur of the jury's verdict for Count Two as excessive and for a new trial is denied. Keiffer, 189 S.E.2d at 845.

C.  Alternative Motion to Partially Remit the Verdicts in Count One and Count Two

As part of its verdict, the jury awarded the plaintiff a total of three NGA slips, two slips for breach of contract and one slip for breach of fiduciary duty. The defendant contends, in the alternative, that this Court should set aside the award of these

9

NGA slips.  The defendant argues that the jury acted in rogue fashion and awarded an equitable remedy where the plaintiff asked for monetary damages.  The plaintiff, on the other hand, argues that the NGA slips represent a fair and proper form of compensable damages.

The defendant is correct that, in West Virginia, a plaintiff cannot seek specific performance if he has an adequate remedy at law.  Mann v. Golub, 389 S.E.2d 734, 737, n.11 (W. Va. 1989).  Additionally, in this case, there was never any question that the plaintiff sought money damages and not specific performance.  This Court instructed the jury as to damages, not specific performance, and counsel never requested otherwise.  The jury determined that the defendant breached the contract and his fiduciary duty to the plaintiff.  This Court will not disturb these findings.  Id. at 738.  Further, as discussed above, the monetary damages awarded as to both counts are not excessive and will not be disturbed.  The jury, however, should have awarded the monetary value of the NGA slips, rather than awarding the tangible NGA slips to the plaintiff.  Id.  In Mann, a case where a jury awarded promissory notes to a prevailing party in a case for monetary damages, the West Virginia Supreme Court of Appeals remanded the case to the trial court "solely to determine the value of the promissory notes."  Here, the only issue which needs to be resolved is the calculation of the value of the NGA slips awarded by the jury.

This Court finds that the jury's verdict is valid, but that it is inappropriate for this Court to determine the value of the NGA slips. Accordingly, this Court denies the defendant's motion for remittitur of the NGA slips from Count One and Count Two, but grants the defendant's motion for a new trial for the limited purpose of having the finders of fact determine the value of the NGA slips awarded in Count One and Count Two.

D.  <u>Alternative Motion that This Court Direct as a Matter of Law that the NGA Slips to be Awarded Should be of the Nature Specified in the Written Kennel Contract</u>

Because this Court finds that the jury could not award specific performance, the defendant's alternative motion that this Court direct as a matter of law that the NGA slips to be awarded should be of the nature specified in the written kennel contract is denied as moot.

E.  <u>Alternative Motion to Set Aside the Verdict and Award Defendant a New Trial on the Basis that the Verdict as to His Counterclaims was Contrary to the Evidence</u>

As discussed above, a court may grant a motion to alter a jury verdict to accommodate an intervening change in controlling law, to account for new evidence not available at trial, to correct a clear error of law or to prevent manifest injustice. <u>Robinson v. Wix Filtration Corp., LLC</u>, --- F.3d ---, 2010 WL 1140699, *2 (4th Cir. Mar. 26, 2010). The defendant claims that no rational jury could

have concluded that defendant's counterclaim was invalid. This Court disagrees. The plaintiff testified that he did not enter into an oral services agreement with the defendant, stating that entering such an agreement would end his career. The jury heard evidence from both sides on this issue. This Court will not substitute its judgment for that of the jury. Accordingly, the defendant's alternative motion to set aside the verdict on his counterclaim is denied.

F.  Motion in Limine to Preclude Late Filed Exhibit

Shortly before the start of the trial, the plaintiff asked this Court to prohibit the defendant from introducing an updated damage exhibit and a quantum meruit exhibit. At trial, the defendant submitted, without objection from the plaintiff, exhibit nine, which is an updated damages exhibit. Also, the defendant submitted, without objection from the plaintiff, exhibit thirteen, which is a quantum meruit exhibit. Because the plaintiff did not object to the admission of these exhibits, this Court denies as moot the plaintiff's motion in limine to preclude late filed exhibit.

G.  Status and Scheduling Conference

Because this Court grants in part the defendant's motion for a new trial for the limited purpose of determining the value of the NGA slips awarded in Count One and Count Two, it is ORDERED that the parties appear by counsel for a status and scheduling

conference on **April 6, 2010 at 9:00 a.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, Twelfth and Chapline Streets, Wheeling, West Virginia 26003.

## IV. Conclusion

For the reasons stated above, the defendant's renewed motion for judgment pursuant to Rule 50(b) is DENIED; his alternative motion to set aside the verdict in Count Two as excessive and for a new trial pursuant to Rule 59 is DENIED; his alternative motion to set aside the verdict and award defendant a new trial on the basis that the jury's award of three NGA slips constitutes an illegal verdict in the absence of any prayer for specific performance is GRANTED IN PART and DENIED IN PART; his alternative motion for this Court to direct as a matter of law that the NGA slips to be awarded should be of the nature specified in the written contract is DENIED AS MOOT; and his alternative motion to set aside the verdict and award defendant a new trial on the basis that the verdict as to his counterclaims was contrary to the evidence is DENIED. The plaintiff's motion in limine to preclude late filed exhibit is DENIED AS MOOT. Finally, it is ORDERED that the parties appear for a status and scheduling conference Tuesday, April 6, 2010 at 9:00 a.m.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

13

DATED:     March 31, 2010

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE